IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KEVIN D. OWENS,

    Plaintiff,

v.                                                                     Case No. 2:21-cv-02041-MSN-tmp

AMY WEIRICH,

    Defendant.

**ORDER MODIFYING THE DOCKET;**
**ORDER DISMISSING COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE IN PART**
**AND DISMISSING IT WITH PREJUDICE IN PART;**
**AND ORDER GRANTING LEAVE TO AMEND**

On January 15, 2021, Plaintiff Kevin D. Owens, who is incarcerated at the Shelby County Criminal Justice Center (the "Jail") in Memphis, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, (see ECF No. 1), and a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) On January 20, 2021, the Court granted his motion for leave to proceed *in forma pauperis* and assessed the $350 civil filing fee. (ECF No. 4.) The Clerk shall modify the docket to add the State of Tennessee as a Defendant.

For the reasons explained below, the Court: (1) dismisses without prejudice the complaint's claims against Defendant Amy Weirich, for failure to state a claim to relief, *see* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) and 28 U.S.C. § 1915A(b)(1)–(2); and (2) dismisses with prejudice the complaint's claims that challenge Owens's confinement. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

**I.**    **BACKGROUND**

Owens was arrested on September 11, 2019 and charged with (1) the theft of Nathaniel Robinson's motor vehicle and (2) being a felon in possession of a firearm (collectively, the "Charges"). (ECF No. 1 at PageID 2.) Officer Allen responded to the crime scene, and Robinson told Allen that he had left his car running with the keys inside. (*Id*.) During the incident investigation by law enforcement, Robinson told Sergeant Lawler that he had left his keys in the vehicle's ignition but had not left it running. (*Id*, at PageID 2–3.) Owens says "it was dismiss [sic] but it was around November through December of 2019;" however, he does not specify what, precisely, was dismissed. (*Id*. at PageID 2.) At the time he filed his § 1983 complaint, Owens was confined at the Jail. (*Id*.)[1]

He names Shelby County District Attorney Amy Weirich as the sole Defendant. (*Id*. at PageID 1–2.) Owens "would like the courts to look more into it because [there] is no grounds [sic] of pro[of] to say I did this." (*Id*. at PageID 4 ("My rights are being violat[ed]").)

## II. LEGAL STANDARDS

### A. Screening Requirements

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

---

1. The Tennessee Department of Correction Felony Offender Information website presently does not show Owens on active status in that database. *See Search*, Tenn. Dep't of Corrections, https://apps.tn.gov/foil-app/results.jsp (last visited on July 21, 2021).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to complaints drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612–13 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements To State A Claim Under 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). To succeed, Owens must satisfy both requirements.

### III.   DISCUSSION

### A. Official Capacity Claims Against Weirich & Claims Against State Of Tennessee

To the extent Owens asserts claims against Weirich in her official capacity, those allegations are treated as claims against her employer, the State of Tennessee. However, Owens has no valid claim against the State. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich.*

4

*Dep't of State Police*, 491 U.S. 58, 71 (1989). Owens thus has no claims for money damages against Weirich in her official capacity.

Even if the Court liberally construes Owens' request for examination of the Charges against him, (*see* ECF No. 1 at PageID 4), as a claim for injunctive relief, the outcome is the same. The Supreme Court has clarified that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985), and *Ex Parte Young*, 209 U.S. 123, 159–60 (1908)); *see also Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [eleventh] amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." (citing *Ex Parte Young*, 209 U.S. 123)).

To proceed with official capacity claims for prospective injunctive relief against State employees such as Defendant Weirich, Owens must allege that the State of Tennessee was responsible for the violation of his constitutional rights because of a practiced custom or policy. *Kentucky*, 473 U.S. at 166; *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Sixth Circuit has held that to establish the requisite causal link between a constitutional violation and a policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 364 (6th Cir. 1993). The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 606–07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694). Owens has not alleged he was injured due to an unconstitutional policy or custom of the State of Tennessee. He thus also fails to state a claim for prospective injunctive relief against Weirich.

### B. Individual Capacity Claims Against Weirich

Owens names Weirich as a defendant but does not describe any particular conduct by her. (*See* ECF No. 1 at PageID 2–3.) The doctrine of prosecutorial immunity shields Weirich from Owens's claims, and he does not offer any factual allegations suggesting otherwise.

Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). "'The analytical key to prosecutorial immunity' is 'whether the actions in question are those of an advocate.'" *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 513 (6th Cir. 2019) (internal citations omitted). A prosecutor's decisions to bring or not bring charges against a particular person, or a prosecutor's courtroom advocacy and litigation tactics over the course of a prosecution, are protected by prosecutorial immunity. Conversely, actions such as "'giving legal advice to police,' making 'out-of-court statements' at a press conference, [or] making statements 'in an affidavit supporting an application for an arrest warrant'" are not performed in a prosecutor's role as an advocate and are thus not protected by prosecutorial immunity. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009).

Owens does not allege any facts suggesting that his claims against Weirich arise from any extra-judicial conduct by her. Rather, Plaintiff argues that the Charges against him were improper. That is, his claims arise from actions Weirich took in her traditional role as an advocate

for the State. She is immune from suit for those acts. The prosecution of criminal charges against Owens was unequivocally an action taken in the course of traditional prosecutorial functions.

Accordingly, Owens fails to state a claim to relief against Weirich in her individual capacity.

### C. *Heck v. Humphrey* Bar

Owens claims that "it was dismiss[ed]." (ECF No. 1 at PageID 2.) However, he was confined in the Jail at the time he filed his § 1983 complaint. (*Id.*) It is not clear from the present record whether he is currently incarcerated for one or both of the Charges, (*see id.*), or for offenses not described in his § 1983 complaint. To the extent he alleges that he is being illegally confined by the State of Tennessee in connection with the Charges, such claims must be dismissed with prejudice as barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).

Owens' attack on his sentence (and any of its underlying searches, seizures, arrests, and prosecutions) is a challenge to the validity of his continued confinement. (*See* ECF No. 1 at PageID 4 ("[There are] no grounds of pro[of] to say that I did this").) Such a claim is not cognizable under § 1983.

In *Heck v. Humphrey,* the U.S. Supreme Court held that a state prisoner cannot bring a § 1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *Id.* at 489–90 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his

confinement ... even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez,* 411 U.S. 475, 488–90 (1973).

In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures that necessarily imply unlawful confinement. *Id.* at 648. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See id.* at 646; *Heck*, 512 U.S. at 486–87. The holdings in these cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)— no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 79, 81–82 (2005) (a § 1983 action is barred when a state prisoner challenges the fact or duration of his confinement and seeks either "immediate release from prison" or the "shortening" of his term of confinement) (quoting *Preiser*, 411 U.S. at 482).

Owens has not alleged that any conviction of his has been invalidated. Thus, to the extent that he asks this Court to alter, reverse, or otherwise modify any concluded state criminal case against him, the Court cannot do so. Because Plaintiff's confinement has not been remedied by any of the procedures prescribed in *Heck,* his claims are not cognizable under § 1983. Even if Plaintiff had properly stated a claim against any Defendant, he would not be entitled to the relief he seeks under § 1983. Claims challenging the fact, and not the conditions, of confinement – such as Owens suggests here – must be brought in a habeas petition under 28 U.S.C. § 2254, not

in a suit under § 1983. If Plaintiff were to prevail on his complaint, (ECF No. 1), he would impermissibly call into question his convictions, sentences, and/or continued confinement.

For these reasons, the Court **DISMISSES WITH PREJUDICE** those claims by Owens that challenge his confinement. Such allegations are barred by *Heck v. Humphrey*.

## IV.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts are not required to grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

If Plaintiff chooses to do so, the Court grants him leave to amend his complaint as to claims other than those barred by *Heck v. Humphrey*, described *supra*. Plaintiff is advised that any

9

amendment will supersede his prior filings and must be complete in itself without reference to the prior pleadings. An amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts originally alleged. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss this case and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 354 (6th Cir. 2021).

## V. CONCLUSION

For all of the reasons explained above:

(1) The complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE** as to claims against the State of Tennessee, official capacity claims against Defendant Weirich, and individual capacity claims against Defendant Weirich. Such claims fail to state a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) and 28 U.S.C. § 1915A(b)(1)–(2). Leave to amend such claims is **GRANTED**.

(2) The complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as to claims that challenge Plaintiff's confinement. Such claims are barred by *Heck v. Humphrey*. Leave to amend such claims is **DENIED**.

**IT IS SO ORDERED**, this the 16th day of September, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE